**The below described is SIGNED.**

**Dated: October 27, 2010**  _____
                              **WILLIAM T. THURMAN**
                              **U.S. Bankruptcy Chief Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH
# IN THE CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**Ryndon Douglas Skougard and<br>Annette Jeanne Skougard**<br><br>Debtors. | Bankruptcy Number 10-26950<br><br>Chapter 13<br><br>Judge William T. Thurman |

## MEMORANDUM DECISION REGARDING TAX REFUNDS

The matter before the Court is the confirmation of a proposed Second Amended Chapter 13 Plan ("Plan") filed by Ryndon Douglas Skougard and Annette Jeanne Skougard (the "Debtors"). At the initial confirmation hearing conducted August 20, 2010, David T. Berry appeared for the Debtors and the Chapter 13 Trustee, Kevin R. Anderson ("Trustee") appeared. The Trustee objected to the initial plan submitted by the Debtors as there was no provision to submit tax refunds to the plan; the Debtor's amended plan provides that they will submit tax refunds exceeding $2,000, if any, for three years. It appears the Trustee does not object to the tax refund language in the amended plan, but the Court took the matter under advisement.

For reasons stated below, the Court approves retention of up to $2,000 per year of a tax

refund if the refund is a result of receiving the Earned Income Credit ("EIC")[1] and the Additional Child Tax Credit ("ACTC")[2] or either. At the hearing on October 26, 2010, the Debtors and Trustee stipulated amounts related to the EIC and ACTC and accordingly the Court confirmed the plan which will be memorialized in a separate order provided by the Trustee.

## JURISDICTION

The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L). Venue is appropriate under 28 U.S.C. § 1408. Based on the documents submitted and the Court's own independent review of the matter, statutes, and case law, this decision is made.

## FACTUAL BACKGROUND

The Debtors filed their chapter 13 bankruptcy case on May 24, 2010. The Debtors filed their official form 22C ("Form 22C") on June 4, 2010, which indicated the Debtors' income was below the median family income for a household of the same size in Utah and accordingly the applicable commitment period under 11 U.S.C. § 1325(b)(4)[3] is three years. The Debtors' original Chapter 13 Plan was filed May 28, 2010, and included payments of $425 providing no return to unsecured creditors, with the term of the plan to be 36–60 months. The Trustee filed an Objection to Confirmation on July 19, 2010, with one of the points in the objection being that the Debtors received a 2009 tax refund of $4,567 with only $743 attributable to tax withholdings and

---

[1] See generally I.R.C. § 38.

[2] See generally I.R.C. § 24.

[3] Statutory references herein are to Title 11 of the United States Code, unless stated otherwise.

2

the balance coming from tax credits. Due to the nature of the tax refunds, it is likely the Debtors will receive similar tax refunds in the future, so the Trustee requested the Debtors commit all tax refunds exceeding $1,000.[4] On August 2, 2010, the Debtors filed an Amended Chapter 13 plan with the same terms as the original.

The Debtors filed the current Plan on August 18, 2010, which included payments of $425 for 36–60 months plus contribution of tax refunds exceeding $2,000 for three years. The initial confirmation hearing was held August 20, 2010, wherein the Court took the matter under advisement. Neither the Trustee nor the Debtors filed a brief on the issue; however, the Court is aware of many of the issues surrounding tax refunds as other cases have brought the issues on tax refunds before the Court previously.[5]

## ANALYSIS

Chapter 13 plan confirmation requirements are found in § 1325. A plain reading of § 1325 provides the circumstances under which a Court "shall" and "may not" confirm a plan. A Court may not confirm the plan over a chapter 13 trustee's or unsecured creditor's objection unless the plan provides for payment into the plan of all projected disposable income[6] received

---

[4] The Trustee's practice has been to only require tax refunds in excess of $1,000 per year for three years into the plan pursuant to In re Lawson, 361 B.R. 215 (Bankr. D. Utah 2003).

[5] See, e.g., In re Leigh, 2004 WL 3419121 (Bankr. D. Utah Apr. 27, 2004); In re Lawson, 361 B.R. 215, 220–23 (Bankr. D. Utah 2007); In re Hughes, 2009 WL 2252181 (Bankr. D. Utah July 17, 2009). In addition, other matters regarding tax refunds were briefed to the Court in In re Dahl, Ch. 13 Case No. 10-25773, however the Trustee and debtor's counsel settled that matter.

[6] Projected disposable income is different from disposable income as defined by amendments in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). See In re Cranmer 433 B.R. 391, 395–96 (Bankr. D. Utah 2010) (citing Hamilton v. Lanning 560 U.S. ___, 130 S.Ct. 2464 (2010); In re Lanning 545 F.3d 1269 (10th Cir. 2008)).

by the debtor or payment in full of all valid claims of unsecured creditors.[7] Section 1325(b)(2) defines disposable income as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended . . . for the support of the debtor and the debtor's dependents, charitable contributions, and necessary business expenses." The definition of "current monthly income" under § 101(10A) is "the average monthly income from all sources the debtor receives . . . without regard to whether such income is taxable income, derived during the six month period" preceding the bankruptcy filing. Current monthly income is computed on Form 22C, which must be filed in every chapter 13 case. However, below median income debtors are not required to fully complete Form 22C as their disposable income is not determined under § 1325(b)(3).[8] Instead, the reasonableness of the expenses for below median debtors is determined by the Court through a review of the debtors' budget found on Schedules I and J.

Tax refunds are the product of debtors' wages and are property of the estate under § 1306(a)(1) and (2) and are income under § 1325(b)(2). A majority of courts, including the Tenth Circuit Court of Appeals ("Tenth Circuit") in In re Midkiff[9] have concluded that a debtor is

---

[7] See § 1325(b)(1)(B) (2006):
> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan – the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

[8] Section 1325(b)(3) provides that above median debtors may include in their budgets amounts expendable for support of debtors and their dependents that are determined in accordance with subparagraphs (A) and (B) of § 707(b)(2).

[9] 342 F.3d 1194, 1203 (10th Cir. 2003).

required to contribute tax refund income to the plan because tax refunds are at the disposal of the taxpayer. This Court previously relied on Midkiff when deciding In re Hughes, which holds that "postpetition tax refunds are 'projected disposable income' and the postpetition portion of the Debtors' tax refunds must be paid into their plans."[10]

Even EIC is considered property of the bankruptcy estate in chapter 7 cases.[11] EIC is a program that allows a percentage of income from a qualifying individual as credit against the tax otherwise owed for a taxable year.[12] EIC is available for qualifying low income earners to "reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed) . . . and to provide relief for low income families hurt by rising food and energy prices."[13] The EIC is a refundable credit, meaning that if individuals' EIC's exceed their tax liability, the excess is considered an overpayment of tax and is refunded to the individuals as though they overpaid that amount.[14]

ACTC is a similar program wherein families with limited financial means are able to get a refundable credit to meet the basic needs of their dependent children and is in addition to EIC.[15]

---

[10] 2009 WL 2252181, at *4 (Bankr. D. Utah July 17, 2009). But see In re Lawson 361 B.R. 215, 221 (Bankr. D. Utah 2007) (holding that tax refunds are no longer projected disposable income for above median debtors who deduct actual tax liability on the 22C rather than the withholding which result in an overpayment of taxes).

[11] In re Montgomery, 224 F.3d 1193, 1195 (10th Cir. 2000).

[12] See I.R.C. § 32.

[13] Sorenson v. Sec'y of Treasury, 475 U.S. 851, 864 (1986).

[14] In re Montgomery, 224 F.3d at 1195.

[15] In re Crowson, 431 B.R. 484, 494 (B.A.P. 10th Cir., 2010).

Although not technically an additional credit, the ACTC is part of the regular child tax credit which is made refundable to lower income taxpayers, with correspondingly lower tax liability, in an effort to allow those taxpayers to take full advantage of the child tax credit.[16]  Differences between EIC and ACTC are insignificant for chapter 13 bankruptcy purposes.[17]

Although Midkiff and Montgomery were decided before BAPCPA, that law did not change the definition of projected disposable income.[18]  Thus pre-BAPCPA cases remain informative and instructive as Congress does not write on a clean slate when amending the bankruptcy code.  Without a clear indication that a change should occur, past bankruptcy practices should continue unless specifically and statutorily changed.[19]

The Court can find no authority in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure which specifically exempts or allows the debtors to retain any tax refund for discretionary use.  All tax refunds are projected disposable income and should be calculated into plan payments.  However, recognizing the need for some degree of flexibility and uncertainty in debtors income and expenses, the Trustee has recommended the debtors retain up to $1,000 a year of future tax refunds.  Recognizing this, the Court requires tax refunds in excess of $1,000 each year be contributed to debtors' chapter 13 plans as disposable income.  This policy allows debtors to comply both with prior case law finding tax refunds as disposable income as well as easing administrative burdens on the Court and Trustee that would arise from

---

[16]In re Landgrebe, 2009 WL 3253933 (Bankr. D. Colo. 2009).

[17]In re Law, 363 B.R. 780, 783 (B.A.P. 8th Cir. 2006).

[18]See Hamilton v. Lanning, 560 U.S. ___, 130 S.Ct. 2464, 2467 (2010).

[19]Id.; see Dewsnup v. Timm, 502 U.S. 410, 419 (1991).

debtors filing motions to retain tax refunds for unanticipated expenses that occur during the life of their plans.[20] Here, the Debtors and the Trustee are seeking a policy change which draws a distinction between the amount that above and below median income debtors may retain from their respective tax refund amounts. However, the Court is concerned with discrimination between debtors and instead believes the better way to distinguish which debtors would retain $2,000 instead of $1,000 is whether the debtors are receiving EIC and the ACTC. The EIC and ACTC distinction will provide a way for the Court and parties to recognize Congressional intent to provide low-income individuals with additional funds in the form of a credit returned to them and which converts them from taxpayers to tax receivers. This distinction also eases the Court's concern about discriminating against a class of debtors without Congressional approval of different treatment.

Although it appears the Trustee is attempting to ease his administrative burdens by making a bright line distinction between below and above median debtors, the Court does not believe such a bright line rule is appropriate. The Court recognizes it may be a distinction without a difference as perhaps the majority of below median debtors are also recipients of either EIC and ACTC, or both. The Trustee will likely have to make use of § 521(f)(1)[21] which allows

---

[20] See In re Leigh, 2004 WL 3419121 (Bankr. D. Utah Apr. 27, 2004).

[21] This section provides:
> [A]t the request of the court, the United States Trustee, or any party in interest in a case under chapter 7, 11, or 13, a debtor who is an individual shall file with the court at the same time filed with the taxing authority, a copy of each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) with respect to each tax year of the debtor ending while the case is pending . . . .

the trustee to request and review tax returns on a yearly basis in order to monitor which debtors are eligible to retain $2,000 instead of $1,000.

Accordingly, the Court determines that the plan may be confirmed based on parties' stipulation regarding turnover of tax refunds in compliance with this order.[22] Therefore, absent very unusual circumstances, debtors receiving EIC or the ACTC or both may retain $2,000 of their tax refunds which would be the combination of the $1,000 refund as determined in <u>In re Leigh</u> and additionally, up to $1,000 of EIC or ACTC.[23] A separate order will accompany this Memorandum Decision.

_____End of Document_____



---

[22]At the hearing on October 26, 2010, the parties stipulated as to the amounts being received by the Debtors and the Court thereafter confirmed the plan by separate order.

[23]However, if the EIC and ACTC or both is less than $1,000, the maximum the debtors may retain would be the $1,000 available to all debtors and the amount of their EIC or ACTC.

## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Ryndon Douglas Skougard
Annette Jeanne Skougard
181 South Main St. #2
St. George, UT 84770

David T. Berry
Berry & Tripp
5296 South Commerce Drive, Suite 200
Salt Lake City, UT 84107

Kevin R. Anderson
Chapter 13 Trustee
405 South Main Street, Ste. 300
Salt Lake City, UT 84111

Office of the United States Trustee
Ken Garff Bldg.
405 South Main Street, Ste. 300
Salt Lake City, UT 84111
    *U.S. Trustee*